**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mike Paul Densmore,<br>Plaintiff<br>-vs-<br>City of Mesa, et al.,<br>Defendants. | CV-12-2372-PHX-ROS (JFM)<br><br>**Report and Recommendation** |

On November 12, 2013, Plaintiff filed a Motion to Dismiss (Doc. 38), seeking to dismiss this § 1983 civil rights action. Defendants responded (Doc. 40) seeking a dismissal with prejudice, arguing that the parties had stipulated on the record at Plaintiff's deposition to a dismissal and have exchanged a stipulation to dismiss with prejudice. Plaintiff did not reply.

Consequently, on December 4, 2013, the Court issued an Order to Show Cause (Doc. 41) directing Plaintiff to either file a response showing cause why the motion to dismiss should not be granted directing a dismissal with prejudice, or to file a signed stipulation to dismiss with prejudice. Plaintiff has not responded, and the time to respond has passed.

The undersigned magistrate judge is hearing this matter on referral pursuant to 28 U.S.C. § 636(b)(1)(A), and the resolution of the matter is dispositive of Plaintiff's claims and thus beyond the authority of the magistrate judge. Consequently, the undersigned makes the following report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and Local Civil Rule 72.1(c) and 72.2(a)(2).

Here, the parties are in agreement that the matter should be dismissed. Defendants have asserted the dismissal should be with prejudice. Plaintiff has been silent on the issue, and has failed to respond to an order to address the issue.

Federal Rule of Civil Procedure 41(a)(2) provides for a dismissal upon request of a

plaintiff "only by court order, on terms that the court considers proper." The Rule further provides: "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "The Ninth Circuit has indicated that, if a plaintiff fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the lower court." *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D.Cal.2005) (citing *Hargis v. Foster*, 282 F.3d 1154, *amended by* 312 F.3d 404, 406 (9th Cir.2002)).

In *Hargis*, the plaintiff requested dismissal of certain claims without specifying whether the dismissal was to be with or without prejudice. The trial court dismissed with prejudice, and the plaintiff appealed the application of prejudice as an abuse of discretion. The Ninth Circuit reversed, finding:

> Given the default provision in Rule 41(a)(2) for dismissal without prejudice, Hargis did not foresee that the court would assume his request was for dismissal with prejudice. Moreover, the district court had no reason to assume, without asking for clarification, that this pro se litigant would voluntarily abandon his retaliation and Eighth Amendment claims with prejudice.

*Hargis*, 282 F.3d at 1160.

Here, Plaintiff's motion similarly failed to specify the nature of his requested dismissal. In contrast to *Hargis*, however, this Court has asked for clarification, indicating that Plaintiff needed to show "cause why his motion to dismiss should not be granted and the case dismissed with prejudice." (Order 12/4/13, Doc. 41 at 1.) Moreover, Defendants' response indicates that the dismissal should be with prejudice. Plaintiff has not replied to oppose that position.

Under these circumstances, it cannot be said that Plaintiff could not "foresee that the court would assume his request was for dismissal with prejudice." *Hargis*, 282 F.3d at 1160. Plaintiff has been given ample opportunity to clarify if his request was intended to be limited to a dismissal without prejudice, and has failed to do so.

Finally, Defendants have supplied the transcript of Plaintiff's scheduled deposition, where Plaintiff indicated his intent to dismiss and the consequential termination of the deposition. That transcript indicates Plaintiff's intent to permanently cease action against Defendant Nieto, the only remaining defendant in this action.

2

A. Okay. Yeah, I'm filing a motion to dismiss just on the grounds that it's overwhelming me and with legal stuff I have no idea how to access, and also because another officer admitted to the excessive force. Therefore, I'm going to file a motion tomorrow or send the motion out tomorrow asking the judge to dismiss the case.
Q. And, Mike, when you're talking about another officer, I guess what you're saying is you now have information that Detective Nieto is not the person that you believe - -
A. That's correct.
Q. - - used excessive force against you?
A. That's correct. I got that information from you as a matter of fact.
Q. Okay. All right. Now, Mr. Densmore, you understand that - - that – well, if you are agreeing to dismiss the case, I won't ask you deposition questions here, but that means that, you know your case - - I'm only going to do that if your case - - if you are going to drop your case, that's what that means?
A. Yeah, I'm dismissing, I'm asking the judge to dismiss it. I have no intentions of going any further with it.

(Response, Doc. 40, Exhibit 2, Depos. Tr. 11/7/13 at 4-5.)

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Dismiss, filed November 12, 2013 (Doc. 38) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute

a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: December 16, 2013

12-2372o Order 13 12 16 re RR on MTD.docx

James F. Metcalf
United States Magistrate Judge